IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SEAN LLOYD,

        Plaintiff,

vs.                               No. CV 19-01057 MV/LF

CORE CIVIC,
et al.,

        Defendants.

## **FOURTH ORDER TO SHOW CAUSE**

THIS MATTER is before the Court *sua sponte.*  Plaintiff Sean Lloyd is an incarcerated prisoner.  Lloyd submitted an application to proceed without prepayment of fees or costs under 28 U.S.C. § 1915 but did not include the required 6-month inmate account statement.  (Doc. 4).  On March 31, 2020, the Court ordered him to cure the deficiency by submitting his account statement within 30 days. (Doc. 5).   In its Order, the Court advised Lloyd that failure to cure the deficiency in his application to proceed could result in dismissal of the case without further notice.  (Doc. 5 at 1-2).

Plaintiff Lloyd did not submit the required account statement within 30 days.  As a result, on June 18, 2020, the Court entered an Order to Show cause why the case should not be dismissed for failure to comply with the Order to Cure Deficiency.  (Doc. 12).  Lloyd then submitted his account statement. (Doc. 14).  Based on the account statement, the Court granted Lloyd leave to proceed *in forma pauperis* on August 21, 2020 and ordered him to make a $7.50 initial partial payment of the filing fee within 30 days.  (Doc. 15).  More than 30 days has elapsed, and Lloyd has not paid the $7.50 initial partial payment or shown cause why he should be relieved of the obligation.

When a prisoner is granted leave to proceed *in forma pauperis*, § 1915 provides:

> "The court **shall** assess and, when funds exist, collect, as a partial payment
> of any court fees required by law, an initial partial filing fee of 20 percent
> of the greater of (A) the average monthly deposits to the prisoner's account;
> or (B) the average monthly balance in the prisoner's account for the 6-month
> period immediately preceding the filing of the complaint or notice of appeal."

28 U.S.C. § 1915(b)(1) (emphasis added).  Plaintiff Lloyd was ordered to make the required partial payment under § 1915(b)(1) or show cause why the payment should be excused but has failed to comply with the Court's Order.

The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders.  *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n.3 (10th Cir. 2003).  The Court will require Plaintiff Lloyd to show cause, within 30 days of entry of this Order, why this action should not be dismissed for non-compliance with the Court's August 21, 2020.  The Court has now entered two orders to cure deficiency (Doc. 2, 5) and four orders to show cause (Doc. 7, 9, 12, and this Order) in this case.  Failure to show cause or otherwise respond to this Order may result in dismissal of this case without further notice.

IT IS ORDERED that Plaintiff Sean Lloyd show cause, within 30 days of entry of this Order, why this case should not be dismissed for failure to comply with the Court's August 21, 2020 Order.

_____
Laura Fashing
United States Magistrate Judge