**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SEAN LLOYD,

       Plaintiff,

vs.                                           No. CV 19-01057 MV/LF

CORE CIVIC, and
CIBOLA COUNTY DETENTION CENTER,

       Defendants.

**<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>**

THIS MATTER is before the Court *sua sponte* on the handwritten complaint (Doc. 1), amended Complaint for Violation of Civil Rights (Doc. 3), and second amended Complaint for Violation of Civil Rights (Doc. 13) filed by Plaintiff Sean Lloyd.  The Court will dismiss this proceeding without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure of Plaintiff to comply with Court Orders and rules and failure to prosecute.

At the time that he filed his original Complaint, Plaintiff was an incarcerated prisoner. (Doc. 1).  His original November 12, 2019 Complaint was a handwritten letter to Richard Reifenscheid OMI stating that he thought that his due process rights had been violated. (Doc. 1). On November 14, 2019, the Court issued an Order to Cure Deficiencies, directing Plaintiff to put his complaint in proper form and pay the filing fee or to submit an application to proceed *in forma pauperis* within 30 days.  (Doc. 2).  The Order also directed the Clerk to provide Plaintiff with the forms for a civil rights complaint and an application to proceed.  (Doc. 2).

On December 19, 2019, Plaintiff filed an Amended Complaint for Violation of Civil Rights (Doc. 3) and an Application to Proceed in District Court Without Prepayment of Fees or Costs

(Doc. 4).  However, the Application failed to include the six-month inmate account statement required by 28 U.S.C. § 1915(b).  On March 31, 2020, the Court entered an Order directing Plaintiff to cure this deficiency by submitting his inmate account statement within 30 days.  (Doc. 5).  The copy of the March 31, 2020 Order sent to Plaintiff's address of record was returned as undeliverable.  (Doc. 6).  The Court then issued an Order to Show Cause, ordering Plaintiff to provide the Court with a current address or show cause why the case should not be dismissed. (Doc. 7).

When no response to the Order to Show Cause was received from Plaintiff, on May 29, 2020, the Court entered a Second Order to Show Cause.  (Doc. 9).  The Second Order to Show Cause noted that Plaintiff had not responded, but that the Court's records show that he had filed another lawsuit, *Lloyd v. Santa Fe County Detention Center,* No. 20-00289 MV/KRS, indicating a different place of incarceration than his address of record in this case.  The Court directed that the Second Order to Show Cause be mailed both to his address of record and to the address at the apparent new place of incarceration.  (Doc. 9).  On June 17, 2020, Plaintiff then notified the Court of his change of address to the new facility.  (Doc. 11).

Plaintiff had not responded to the Court's March 31, 2020 Order to Cure Deficiency. Therefore, on June 18, 2020, the Court issued a Third Order to Show Cause, directing Plaintiff to submit his six-month inmate account statement or otherwise show cause why the case should not be dismissed within 30 days. (Doc. 12).  Plaintiff responded by filing a second amended Complaint for Violation of Civil Rights and a second Application to Proceed in District Court Without Prepaying Fees or Costs.  (Doc. 13, 14).  The Application to Proceed included the required six-month inmate account statement.  (Doc. 14).  Therefore, on August 21, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis* and ordered him to make an initial partial payment of

2

the filing fee in the amount of $7.50 as required by § 1915(b).  (Doc. 15).

Plaintiff did not make the $7.50 initial partial payment within 30 days as ordered on August 21, 2020.  The Court then issued a Fourth Order to Show Cause on October 8, 2020, directing Plaintiff to pay the $7.50 initial partial payment or show cause why the case should not be dismissed.  (Doc. 16).  The copy of the October 8, 2020 Fourth Order to Show Cause was mailed to Plaintiff's address of record and returned as undeliverable.  (Doc. 17).  The Court conducted a search of New Mexico Department of Corrections' records and could not find any record that Plaintiff is still incarcerated.  The Court also notes that mail sent to Plaintiff in case No. CV 20-00289 MV/KRS is also being returned as undeliverable.

Plaintiff submitted an application to proceed without prepayment of fees or costs under 28 U.S.C. § 1915 but did not include the required six-month inmate account statement.  (Doc. 4). On March 31, 2020, the Court ordered him to cure the deficiency by submitting his account statement within 30 days. (Doc. 5).   In its Order, the Court advised Plaintiff that failure to cure the deficiency in his application to proceed could result in dismissal of the case without further notice.  (Doc. 5 at 1-2).

The Court granted Plaintiff leave to proceed *in forma pauperis* on August 21, 2020 and ordered him to make a $7.50 initial partial payment of the filing fee within 30 days.  (Doc. 15). More than 30 days has elapsed, and Plaintiff has not paid the $7.50 initial partial payment or shown cause why he should be relieved of the obligation.

Mailings to Plaintiff are also being returned as undeliverable. (Doc. 17).  The Court's research indicates that Plaintiff is no longer at the Santa Fe County Detention Center and has been transferred or released from custody without advising the Court of his new address, as required by D.N.M. LR-Civ. 83.6, thus severing contact with the Court.  Pro se litigants are required to follow

the federal rules of procedure and simple, nonburdensome local rules.  *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980).  The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court.  D.N.M. LR-Civ. 83.6.

The Court may dismiss an action under Rule 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders.  *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n.3 (10th Cir. 2003).  Plaintiff has failed to comply with Court orders and rules and has failed to prosecute this case by failing to make the initial partial payment and failing to keep the Court advised of his current address.  The Court will dismiss this proceeding without prejudice under Rule 41(b).

IT IS ORDERED that the handwritten complaint (Doc. 1), amended Complaint for Violation of Civil Rights (Doc. 3), and second amended Complaint for Violation of Civil Rights (Doc. 13) filed by Plaintiff Sean Lloyd are **DISMISSED** without prejudice under Rule 41(b) for failure of Plaintiff to comply with Court Orders and rules and failure to prosecute this proceeding.

_____

UNITED STATES DISTRICT JUDGE